UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CAROLYN JONES and SHAREKA JONES,

                                  Plaintiffs,

      -against-

CITY OF NEW YORK, THOMAS WRIGHT, HUGH BOGLE,
EDWIN HERNANDEZ, BRYAN MULLADY, JOHN
DIGREGORIO, MICHAEL CODY, FERNANDO ESPINDOLA,
WILLIAM CODY, ALBERTO PIZARRO, JEROME FELIPE,
CHRISTOPHER CONNOLLY, EBONY HUNTLEY, JORGE
ULLOA, and WILLIE JOHNSON,

                                  Defendants.

--------------------------------------------------------------------------------X

**THIRD
AMENDED
COMPLAINT**

11 CV 1169
(KAM)(SMG)

<u>Jury Trial Demanded</u>

      Plaintiffs CAROLYN JONES and SHAREKA JONES, by their attorneys, Leventhal &
Klein, LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.      Plaintiffs bring this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,
as said rights are secured by said statutes and the Constitutions of the State of New York and the
United States.  Plaintiff SHAREKA JONES also asserts supplemental state law claims.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CAROLYN JONES is a fifty-five year old African American woman residing in Brooklyn, New York.

7.      Plaintiff SHAREKA JONES is a thirty-two year old African American woman residing in Brooklyn, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, THOMAS WRIGHT, HUGH BOGLE, EDWIN HERNANDEZ, BRYAN MULLADY, JOHN DIGREGORIO, MICHAEL CODY, FERNANDO ESPINDOLA, WILLIAM CODY, ALBERTO PIZARRO, JEROME FELIPE, CHRISTOPHER CONNOLLY, EBONY HUNTLEY, JORGE ULLOA, and WILLIE JOHNSON, were duly sworn police officers of said department and were acting under the supervision of said department and according to their

2

official duties.  The individual defendants are sued in their individual and personal capacities.

11.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.      On April 12, 2008, plaintiff SHAREKA JONES resided at 1030 President Street, Apartment 3D, in Brooklyn, New York.

14.      On April 12, 2008, plaintiff CAROLYN JONES resided at 48 Fleetwalk, Apartment 1B, in Brooklyn, New York.

15.      On April 12, 2008, at approximately 6:15 a.m., plaintiff CAROLYN JONES was lawfully present in her home at 48 Fleetwalk, Apartment 1B, Staten Island, New York, when the defendant officers broke the apartment's front door and entered said location with guns drawn.

16.      Defendant officers pointed their guns at plaintiff CAROLYN JONES, grabbed plaintiff's neck, and forcefully pushed down on her neck causing her to fall down to her knees.

17.      Thereafter, defendant officers imprisoned plaintiff CAROLYN JONES despite lacking probable cause to believe that she committed any crime or offense.  The defendant officers transported plaintiff CAROLYN JONES to another location, and returned to 48 Fleetwalk.

18.      At approximately 6:30 a.m., plaintiff CAROLYN JONES' neighbor, Wanda

3

Smith, who lived in 48 Fleetwalk, Apartment 6b, telephoned CAROLYN JONES' daughter,

plaintiff SHAREKA JONES, and notified her that the police raided her mother's home and

arrested her mother.  Shortly thereafter, plaintiff SHAREKA JONES left her home at 1030

President Street to check on the events occurring at 48 Fleetwalk.

19.     At approximately 6:50 a.m., plaintiff SHAREKA JONES arrived at 48 Fleetwalk,

Apartment 6b, and was confronted by a defendant officer outside the front door to said

apartment.

20.     The defendant officer requested plaintiff SHAREKA JONES' identification and

plaintiff handed same to the officer.

21.     The defendant officer went into the apartment and returned a few minutes later.

22.     The defendant officer handcuffed plaintiff SHAREKA JONES, despite lacking

probable cause to believe she committed any crime or offense.

23.     The defendant officers transported both plaintiffs to the NYPD 88th precinct in a

police vehicle.

24.     The defendant officers imprisoned plaintiff CAROLYN JONES until the next

morning when they released her without charging her with violating any laws or statutes.

25.     The defendant officers imprisoned plaintiff SHAREKA JONES until her

arraignment the following day in Kings County Criminal Court on baseless charges filed under

docket number 2008KN028064; said charges having been filed based on the false allegations of

defendant WRIGHT.  The defendants initiated said prosecution with malice, and otherwise

caused said prosecution to be commenced against plaintiff for the purpose of obtaining a

collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above

mentioned abuse of authority.

4

26. The malicious prosecution compelled plaintiff SHAREKA JONES to return to Court on twenty-four court dates until October 6, 2010, when the false charges filed against plaintiff were dismissed and sealed in Kings County Criminal Court.

27. Upon information and belief, all of the above occurred via the direct participation of the defendant officers, and/or via their failure to intervene in the illegal conduct described herein, which was committed in their presence.

28. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

29. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force; the search of an individual's residence; the investigation of incidents; the reliability and use of confidential informants; the execution of search warrants, and; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant.

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

5

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32.    As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

33.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35.    All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of plaintiffs' race.

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry into the Home 42 U.S.C. § 1983)

40.     Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Upon information and belief, defendants unlawfully entered plaintiff CAROLYN JONES' home by obtaining a search warrant through an inadequate and otherwise unlawful investigation and application.

42.     As a result plaintiff CAROLYN JONES' right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

43.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

7

46.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

47.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff CAROLYN JONES' constitutional rights.

50.     As a result of the aforementioned conduct of defendants, plaintiff CAROLYN JONES was subjected to excessive force and sustained physical and emotional injuries.

51.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHAREKA JONES.

54.     Defendants caused plaintiff SHAREKA JONES to be prosecuted without probable cause until the charges were dismissed on or about October 6, 2010.

55.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA

8

JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants issued criminal process against plaintiff SHAREKA JONES by causing her to be arraigned and prosecuted for various violations of the Penal Law.

58.     Defendants caused plaintiff SHAREKA JONES to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

59.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

60.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

62.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, were deprived of their liberty and right to substantive due process, causing emotional

9

and physical injuries.

63.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

64.     Plaintiffs repeat, reiterate, and realllege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The defendants seized, detained, arrested, imprisoned, and subjected plaintiff CAROLYN JONES to excessive force, and seized, detained, arrested, imprisoned and maliciously prosecuted plaintiff SHAREKA JONES, because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

66.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES were deprived of their rights under the Equal Protection Clause of the United States Constitution.

67.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants had an affirmative duty to intervene on behalf of plaintiffs

10

CAROLYN JONES and SHAREKA JONES, whose constitutional rights were being violated in their presence by other officers.

70.     The defendants who were present or otherwise aware of the incident, failed to intervene to prevent the unlawful conduct described herein, despite a reasonable opportunity to do so.

71.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

72.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The supervisory defendants, including defendants Michael Cody, a Captain and overall supervisor of the other officers when these events took place, and Edwin Hernandez, a Lieutenant, and Team Leader of the officers that engaged in the above-described acts, personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

75.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

11

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

76.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: inadequately using confidential informants to obtain search warrants; inadequately conducting investigations; subjecting individuals to the excessive use of force during the search of a residence; arresting individuals without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals; and arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

indifference to the safety, well-being and constitutional rights of plaintiffs CAROLYN JONES and SHAREKA JONES.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs CAROLYN JONES and SHAREKA JONES, as alleged herein.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CAROLYN JONES and SHAREKA JONES, as alleged herein.

82.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CAROLYN JONES was unlawfully arrested and subjected to the excessive use of force and plaintiff SHAREKA JONES was unlawfully arrested and maliciously prosecuted.

83.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs CAROLYN JONES and SHAREKA JONES' constitutional rights.

84.     All of the foregoing acts by defendants deprived plaintiffs CAROLYN JONES and SHAREKA JONES, of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from the illegal entry into their home;

C.     To be free from false arrest/unlawful imprisonment;

D.     To be free from the excessive use of force;

13

E.      To be free from malicious prosecution;

F.      To be free from malicious abuse of process;

G.      To be free from the failure to intervene.

85.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

86.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Within ninety (90) days after the claim herein accrued, plaintiff SHAREKA JONES duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90.     Plaintiff SHAREKA JONES has complied with all conditions precedent to maintain the instant action.

91.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

14

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHAREKA JONES.

94.     Defendants caused plaintiff SHAREKA JONES to be prosecuted without probable cause until the charges were dismissed on or about October 6, 2010.

95.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

96.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants issued criminal process against plaintiff SHAREKA JONES by causing her to be arrested, arraigned and prosecuted in criminal court.

98.     Defendants caused plaintiff SHAREKA JONES to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

99.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

15

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

100.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

104.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff SHAREKA JONES.

105.   As a result of the aforementioned conduct, plaintiff SHAREKA JONES suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106.   As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

16

and participated in the arrest and prosecution of plaintiff SHAREKA JONES.

109.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110.    As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

111.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff SHAREKA JONES.

113.    As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

114.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Plaintiff SHAREKA JONES' injuries herein were caused by the carelessness,

17

recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116.    As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York)

117.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119.    As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §11)

120.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    As a result of defendants' conduct, plaintiffs CAROLYN JONES and SHAREKA JONES were deprived of their right to equal protection of laws.

122.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**AS AND FOR A TWENTIETH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12)

123.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.     As a result of defendants' conduct, plaintiffs CAROLYN JONES and SHAREKA JONES were deprived of their right to security against unreasonable searches, seizures, and interceptions.

125.     As a result of the foregoing, plaintiffs CAROLYN JONES and SHAREKA JONES, are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs CAROLYN JONES and SHAREKA JONES, demand judgment and pray for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages in an amount to be determined by a jury;

    (C)    reasonable attorney's fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 15, 2011

                            LEVENTHAL & KLEIN, LLP
                            Attorneys for the Plaintiffs
                            45 Main Street, Suite 230
                            Brooklyn, New York 11201
                            (718) 722-4100

                 By:                              
                            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CAROLYN JONES and SHAREKA JONES,

                              Plaintiffs,

          -against-

CITY OF NEW YORK, THOMAS WRIGHT, HUGH BOGLE,
EDWIN HERNANDEZ, BRYAN MULLADY, JOHN
DIGREGORIO, MICHAEL CODY, FERNANDO ESPINDOLA,
WILLIAM CODY, ALBERTO PIZARRO, JEROME FELIPE,
CHRISTOPHER CONNOLLY, EBONY HUNTLEY, JORGE
ULLOA, and WILLIE JOHNSON,

                              Defendants.

-------------------------------------------------------------------------------X

11 CV 1169
(KAM)(SMG)


**THIRD AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100